### Ex parte RED AUTRY.

No. A-8962.   Oct. 3, 1935.
(50 Pac. [2d] 239.)

Kight & Kight and H. Tom Kight, for petitioner.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and D. M. Battenfield, Co. Atty., for respondents.

DOYLE, J. This is an application for writ of habeas corpus, wherein the petitioner, Red Autry, alleges that he is unlawfully imprisoned and restrained of his liberty, and seeks to secure his release by order of this court from the custody of the sheriff of Rogers county, and also from the custody of the warden of the state penitentiary.

It appears from the petition and the answer thereto that petitioner is held under a commitment, issued in execution of sentence, upon a judgment of the district court of Rogers county, rendered March 30, 1935, in accordance with the verdict of a jury, finding petitioner guilty of the crime of swindling or confidence game with cards, and fixing his punishment at a fine of $1,500 which judgment recites: "It is Therefore Ordered, Adjudged and Decreed by the Court that the said Red Autry pay a fine of $1,500 and costs. It is further ordered that said defendant be kept in the Rogers County jail, for a period of 90 days, and if said fine and costs are not paid within (90) ninety days, it is ordered that Red Autry be taken to State Penitentiary at McAlester, Oklahoma, to be incarcerated in said penitentiary, until said fine and costs are paid or time served for same. Costs are $179.15"; that the said 90 days have elapsed and petitioner has been, and is now being, held in the county jail in the custody of the sheriff, awaiting the convenience of the sheriff to transport him to the penitentiary at McAlester, to serve said sentence.

Counsel for petitioner contends:

That under section 2175, St. 1931, it was the duty of the court to render a judgment and sentence, according to the verdict of the jury fixing the punishment, which was the payment of a fine of $1,500, and that there was no provision made in said verdict for an alternate punishment. That, if there is any authority "to incarcerate pe-

titioner in the penitentiary, until said fine and costs are paid or time served for same," it must come from section 1, chapter 112, Session Laws 1913, an act providing for the working of county, city, and town convicts upon public highways in lieu of payment of fine and costs, which is now section 3166, St. 1931.

That said act is unconstitutional, in that the title does not embrace the subject which is under consideration in this case, in that no reference is made as to costs as an additional penalty, and it embraces other subjects. That the subject-matter in question is not germane to the title of the act in violation of section 57, art. 5, of the Constitution, providing that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *" That under section 2175, St. 1931, upon which the prosecution is based, the punishment provided is "by a fine of not less than one thousand dollars nor more than five thousand dollars, or by confinement in the penitentiary for a term of not less than one year nor more than five years."

That under section 3107, St. 1931, he was entitled to have the jury assess and declare the punishment in their verdict. That he made this request, and that under said section it was the duty of the court to "render a judgment according to such verdict."

That, inasmuch as the jury fixed a fine as the punishment, there is a variance between the verdict of the jury and the sentence of the court.

That for the reasons stated the district court of Rogers county was without jurisdiction to render the judgment and sentence under which petitioner is now held in custody.

The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty. Its scope, when directed to an inquiry into the cause of imprisonment in judicial proceedings, extends to questions affecting the jurisdiction of the court and the sufficiency in point of law of the proceedings. Mere errors or irregularities in a judgment or proceeding of a court under and by virtue of which a person is imprisoned, which are not of such a character as to render the proceedings void, cannot be reviewed on an application for a writ of habeas corpus. Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment. Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759; Ex parte Owens, 37 Okla. Cr. 118, 258 Pac. 758.

The principal proposition advanced by the learned counsel for petitioner is that section 1, of chapter 112, Session Laws 1913, is for the reasons stated unconstitutional; and he asks the court to reconsider its opinion in the case of Ex parte McCoy, 45 Okla. Cr. 52, 281 Pac. 813, holding that:

"When a judgment in a criminal action imposes confinement in the State Penitentiary and in addition thereto a fine and costs, the fine and costs may, at the termination of the confinement specified, be imposed by further imprisonment until paid or satisfied at the rate of $1.00 per day."

And expressly overruling the case of Ex parte Dunnavant, 41 Okla. Cr. 113, 271 Pac. 861, holding:

"The restraint of a convict by the warden of the state penitentiary for the payment of costs is without authority of law."

Counsel for the state cite and rely on the cases of Ex parte McCoy, supra, and Ex parte Eurick, 143 Okla. 280, 288 Pac. 467, wherein the Supreme Court of this state, referring to the McCoy Case, said:

"Here the Criminal Court of Appeals clearly holds that, in accordance with the act of the Legislature of 1913 (Laws 1913, c. 112), a person may be imprisoned until the fine assessed is paid or satisfied at the rate of $1 per day. We follow that holding."

The cases cited involved the validity of section 1, chapter 112, Session Laws 1913, now section 3166, St. 1931. Owing to the fact that there has been a revision of the statutes as authorized by chapter 23, Session Laws 1931, appearing as sections 4271—4276, St. 1931, renders it unnecessary for us to discuss this question. The authority given the Legislature by the Constitution, art. 5, § 43, to revise the laws, permits it to revise to any extent so long as the substance of the proposed revision is not otherwise prohibited by the Constitution. The revision is a substitute. It displaces and repeals the former law as it stood relating to the subjects within its purview.

This leaves for our determination the question of the power and authority of the trial court to sentence a defendant convicted of a felony to imprisonment in the state penitentiary to enforce the payment of a fine and costs until the same shall be satisfied at the rate of $1 per day.

The written law of this state makes no such specific provision.

In the case of Ex parte Bowes, 8 Okla. Cr. 201, 127 Pac. 20, 21, it is said:

"We are of the opinion that where the punishment for an offense is both fine and imprisonment, under the common-law practice and under the statute also (section 6917, supra), the trial court may properly adjudge the defendant, for a failure to pay the fine, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime. It is provided in the Bill of Rights, Const. art. 2, § 13 (section 21, Williams'), that:

" 'Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law.'

" 'Under the common-law practice, wherever a court has power to impose a fine it has the power to compel the payment thereof by the imprisonment of the party fined.' 19 Cyc. 551. * * *

"As we view it, our statute is but a reenactment of the common-law as to imprisonment for the nonpayment of fine, and the practice at common law was to imprison for fine, even if imprisonment was also imposed. Beecher's Case, 8 Coke, 58. * * *

"We have next to consider whether under the statute a convicted defendant can be imprisoned for nonpayment of costs. This question was directly passed upon in the case of Ex parte Harry, 6 Okla. Cr. 168, 117 Pac. 726, wherein it was held that:

" 'The power to punish by fine and imprisonment until such fine is paid does not include the power to add to such fine the costs of the prosecution and adjudge that, upon a failure to pay such costs, they shall be satisfied by imprisonment as a part of the fine.'

"Costs were unknown to the common law, and the power to impose costs must be found in the statute or it does not exist. * * *

"Under Bill of Rights, § 13, supra, permitting imprisonment for the nonpayment of fines and penalties imposed for the violation of law the Legislature of this state

would have authority to provide as a part of the penalty for the violation of law the payment of costs and the enforcement of the payment by imprisonment. Under the provisions of our Penal Code and Procedure Criminal, the costs are not made a part of the penalty for the violation of law. The power to punish by fine does not include the power to add to such fine as may be deemed a proper penalty for the offense committed the costs of the prosecution also. Therefore the courts of this state have not the power to imprison a convicted defendant for the nonpayment of costs."

This opinion was filed October 19, 1912. Chapter 112, Session Laws 1913, with the emergency clause, was approved March 19, 1913.

This was the only legislation relating to fines and costs until the adoption of the revised statutes September 19, 1931, in which appear sections 1, 2, 3, and 4, of chapter 112, Session Laws 1913, as sections 3166-3169, St. 1931.

Article 33, chapter 17, entitled "Execution of Judgment," provides:

Section 3151. "When the judgment is imprisonment in a county jail, or a fine, and that the defendant be imprisoned until it be paid, the judgment must be executed by the sheriff of the county or subdivision. In all other cases when the sentence is imprisonment, the sheriff of the county must deliver the defendant to the proper officer, in execution of the judgment."

Section 3164. "When any poor convict shall have been confined in any prison for the space of six months, for nonpayment of fine and costs only, or either of them, the sheriff of the county in which such person shall be imprisoned shall make a report thereof to any two justices of the peace for such county; if required by such justices, the said keeper shall bring such convict before them, either at the prison, or at such other convenient place thereto as they shall direct; the said justices shall proceed to inquire

into the truth of said report, and if they shall be satisfied that the report is true, and the convict has not had since his conviction any estate, real or personal, with which he could have paid the sum for the nonpayment of which he was committed, they shall make a certificate thereof to the sheriff of the county, and direct him to discharge such convict from prison and the sheriff shall forthwith discharge him."

Section 3166. "The fees herein provided * * * for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison."

Under the statute, when a judgment is payment of a fine and costs, the court has power and authority to enforce the payment of same by imprisonment of the defendant in the county jail, until the fine and costs are satisfied, and prescribing the rate per day for determining the period of imprisonment for the nonpayment of the same. The payment of the fine and costs is the punishment. The commitment until the fine and costs are paid or satisfied is no part of the punishment, it is the mode of executing the sentence; that is, of enforcing the payment of the fine and costs of prosecution. The power of the court to order a defendant adjudged to pay a fine and costs is not con-

fined to cases where a fine only is imposed, but also extends to cases where both confinement and a fine are imposed as a punishment and includes the power to add to such fine the costs of prosecution.

When the place of imprisonment is not specified in the law to be the state penitentiary, such imprisonment cannot be enforced in the penitentiary. To an imprisonment in the penitentiary infamy is attached.

Our Penal Code provides:

"A sentence of imprisonment in the state prison for any term less than for life, suspends all the civil rights of the person so sentenced, and forfeits all public offices, and all private trusts, authority or power, during the term of such imprisonment." Section 1813, St. 1931.

The fundamental law of the United States and of the state of Oklahoma alike prohibit the taking of the citizen's life, liberty, or property, unless by the judgment of his peers, or the law of the land.

"Judgment of his peers," is a term of expression borrowed from Magna Charta, and it means a trial by jury; the words "or law of the land" have the same origin and are to the same effect as "due process of law" in the Bill of Rights, Constitution, art. 2, § 7, declaring that: "No person shall be deprived of life, liberty, or property, without due process of law."

It means judgment of the law in its regular course of administration through courts of justice.

The terms "law of the land" and "due process of law" are synonymous, and mean that every citizen shall hold his life, liberty, and property under the protection of the general rules which govern society. Sutton v. State, 35 Okla. Cr. 263, 250 Pac. 930.

"Due process of law," as used in the Bill of Rights, § 7, supra, is intended to protect the citizen against arbitrary action, and to secure to all persons equal and impartial justice.

The legislature has the power under the state constitution to define crimes and prescribe punishments, and to provide as the punishment for violations of the law defined as felonies the payment of fines and confinement in the penitentiary, and to provide for the enforcement of the payment of the same by further confinement after the imprisonment part of the sentence has been served.

Punishment for crime is not restricted to the deprivation of life, liberty, or property by due process of law, but also embraces deprivation or suspension of political or civil rights. The enactment of section 1813, above quoted, was in the proper exercise of this power.

No one would deny the proposition that a person cannot be taken to the state penitentiary, and detained there as a punishment without an accusation, trial by jury, conviction, and sentence in the due and orderly course of law. Nothing less than these forms would amount to due process of law, when an infamous punishment is to be imposed. No one would deny that such an act, done by the state, would be in direct defiance of the constitution. When a defendant convicted in the due and orderly course of the law is adjudged to pay a fine and costs and the court in execution of the sentence orders the defendant "to be taken to the state penitentiary at McAlester, Okla., to be incarcerated in said penitentiary until the said fine and costs are paid or time served for the same," such imprisonment would be another and separate punishment. The very statement of the proposition would seem to be its proof, and such imprisonment would not be due process of law.

In such a case due process of law requires that a defendant shall not be subjected to a punishment infamous in character to enforce the payment of a fine and costs or until the same is satisfied. Upon the record before us it appears that petitioner had imposed upon him another and separate punishment of an infamous character, with the jury fixing only a fine.

In the case of In re Bonner, 151 U. S. 242, 258, 14 S. Ct. 323, 326, 38 L. Ed. 149, Mr. Justice Field, speaking for the court, said:

"When the jury have rendered their verdict, the court has to pronounce the proper judgment upon such verdict; and the law, in prescribing the punishment, either as to the extent or the mode or the place of it, should be followed. If the court is authorized to impose imprisonment, and it exceeds the time prescribed by law, the judgment is void for the excess. If the law prescribes a place of imprisonment, the court cannot direct a different place not authorized. It cannot direct imprisonment in a penitentiary, when the law assigns that institution for imprisonment under judgments of a different character. * * *

"The prisoner is ordered to be confined in the penitentiary, where the law does not allow the court to send him for a single hour. To deny the writ of habeas corpus, in such a case, is a virtual suspension of it; and it should be constantly borne in mind that the writ was intended as a protection of the citizen from encroachment upon his liberty from any source,—equally as well from the unauthorized acts of courts and judges as the unauthorized acts of individuals.

"The laws of our country take care, or should take care, that not the weight of a judge's finger shall fall upon any one, except as specifically authorized. A rigid adherence to this doctrine will give far greater security and safety to the citizen than permitting the exercise of an unlimited discretion on the part of the courts in the im-

position of punishments, as to their extent, or as to the mode or place of their execution, leaving the injured party, in case of error, to the slow remedy of an appeal from the erroneous judgment or order, which, in most cases, would be unavailing to give relief."

This court is of the opinion that for the reasons stated the trial court had no power, authority, or jurisdiction under the law to sentence petitioner to confinement in the state penitentiary, in execution of the sentence of fine and costs to enforce the payment of the same.

The holding by a divided court, in the case of Ex parte McCoy, supra, for the reasons stated, is expressly overruled. The holding in the case of Ex parte Dunnavant, supra, is approved.

In the case at bar, it is our opinion that petitioner, Red Autry, is unlawfully restrained of his liberty and is imprisoned without due process of law. It is therefore ordered that the writ of habeas corpus issue, and that petitioner be discharged from the custody of the warden of the state penitentiary at McAlester, but without prejudice to the right of the state to take any lawful measures to have petitioner sentenced in accordance with law, upon the verdict against him.

DAVENPORT, P. J., concurs. EDWARDS, J., dissents.