# ROBERT TODD v. STATE.

No. A.-9781. Sept. 17, 1941.

(117 P. 2d 170.)

Morton Perry, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Robert Todd, was charged in the district court of Oklahoma county with the crime of burglary in the second degree; was tried, convicted and sentenced to serve two years in the State Penitentiary, and has appealed.

The only contention presented by the defendant is that the evidence of the state is insufficient to support the verdict.

The proof on behalf of the state showed that the defendant, a young man about 22 years of age, had worked for the Paas Hardware Store in Edmond for about a

year and a half, but had quit about nine months before the alleged burglary occurred.

About midnight on February 22, 1939, a burglar alarm sounded in the police station at Edmond, indicating a burglary in the Paas Hardware building. Officers Green and Burks proceeded separately to the building. Green remained at the rear of the building, while Burks went to an adjacent building to telephone the owner of the store.

Officer Green testified that while he was at the rear of the building, watching the store, the defendant ran out of the rear door and started across the alley towards a hedge; that he yelled for the defendant to halt, but that he continued to run, whereupon the officer shot him in the leg with a load of buckshot. The defendant fell in the middle of the alley, where his wound was bleeding profusely. An ambulance was summoned, and the defendant was taken to a hospital in Oklahoma City where he later recovered from his wound.

Officer Green further testified that while talking to the defendant in the alley before the ambulance arrived, the defendant confessed to entering the building through the sky well, and further admitted entering the building three or four times and securing about $70 in cash altogether.

Officer Burks testified concerning the ringing of the burglar alarm, his proceeding to the store building, leaving Officer Green at the rear of the building to watch the store while he proceeded to a telephone to call the owner of the store, and of hearing a shot in the alley; that after he heard the shot, he hurried to the alley and found the defendant and Officer Green together, and defendant suffering from a gunshot wound in the leg.

Mr. Pass, the owner of the store, testified that the defendant had worked for him and knew the layout in the store. His further testimony showed that he had had nine burglaries there at other times, and had installed the burglar alarm in an endeavor to thwart further burglaries. He described the skylight and the placing of the wires so that an entry would set off the alarm.

Officer Burks and Officer Green, each, testified to another conversation had with the defendant while he was in the hospital, in which the defendant again stated that he had broken into the store three or four times and had taken about $70 altogether.

It was the contention of the defendant that Officer Green had shot him by mistake; that he was testifying falsely as to the facts about defendant running down the rear of the building to escape prosecution for unlawfully shooting him. The defendant testified that he was working his way through college at Edmond; that he had been to see some friends at a bakery that night; and owing to the extreme cold, he started down the alley-way to his car, and was walking close to the building to stay out of the wind. That the officer yelled at him to stop, and that he didn't know who it was and commenced to run, and was shot.

On cross-examination, some discrepancies in his testimony are brought out by the county attorney.

Several witnesses testified as to the good reputation of the defendant.

At the close of the evidence, the trial court correctly and fairly presented the issues to the jury for their determination. There is no contention made here that the instructions did not fairly and accurately present all questions to the jury.

We feel sympathetic towards the defendant because of his age and no doubt the jury felt likewise, as they made a notation on their verdict, "We recommend leniency." The minimum penalty was assessed by the jury, but the question of leniency was a matter addressed to the discretion of the trial court as to whether, under the circumstances, he might see fit to suspend the sentence which he imposed upon the defendant.

The proof on the part of the state was that this defendant entered the store building with intent to steal. The skylight on the building showed that it had been entered. The most that can be said for the defendant is that his story presented a question of fact for the determination of the jury; and the jury has held against him. Under the uniform decisions of this court, we shall not interfere with the verdict of the jury where there is competent evidence in the record, such as here, to support the verdict.

The judgment of the district court of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.