## Ex parte OLLIE BANKS.

No. A-10160.   Feb. 4, 1942.

(122 P. 2d 181.)

Sigler & Jackson, of Ardmore, for petitioner.

Alvin C. Bruce, Co. Atty., and R. H. Brett, Asst. Co. Atty., both of Ardmore, for respondent.

JONES, J.  This is an original proceeding in habeas corpus wherein the petitioner, Ollie Banks, seeks his release from imprisonment in the county jail of Carter county.

On April 13, 1940, the petitioner was sentenced by the district court of Carter county to serve a term of imprisonment of one year in the county jail upon a plea of guilty to the charge of assault with a dangerous weapon. The journal entry of judgment and sentence contains this recitation: "It is the further order of the court that this sentence be suspended upon good behavior and payment of costs."

On April 3, 1941, just ten days prior to the expiration of the sentence pronounced against the petitioner, the district judge of Carter county entered the following order:

"Now, on this third day of April, 1941, it appearing to the court that the defendant has wholly failed to comply with the orders of this Court heretofore made herein on April 13, 1940, granting him a suspended sentence.

"It Is Ordered that the order granting said defendant a suspended sentence, be, and the same is hereby set aside and the sheriff of Carter county, Oklahoma, is directed to take said defendant into his custody and enforce the judgment and sentence herein imposed."

The petitioner was incarcerated in the county jail by the sheriff of Carter county, pursuant to the order of revocation above set forth, and subsequent thereto made application to the district court of Carter county for his release by habeas corpus. Upon denial of his petition, this action was then instituted. Pending the disposition of this cause, petitioner was released from custody upon the execution of a bond in the sum of $500 conditioned that he would appear and abide by the order of this court herein.

It appears without dispute that the order of revocation was made in the absence of both petitioner and his counsel, without notice to them, and was issued by the court for the reason the petitioner had failed to comply with that part of the order of the court requiring the petitioner, as a condition of the suspension of his sentence, to pay the costs of the proceeding.

For a full discussion of the rights of an accused who is at liberty under suspended sentence, see the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, this day decided.

So far as said opinion is applicable to the facts herein, it was therein held:

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court. * * *

"One brought before court accused of violating conditions of suspended sentence is not entitled to benefit of counsel nor to a jury trial as a matter of right. * * *

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute. * * *

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character."

The statute in question, sec. 2, art. 2, ch. 17, p. 20, Laws 1937, 22 Okla. St. Ann. § 992, so far as is material to the disposition of this cause, reads:

"Any person so released as provided in the preceding section shall be required to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge, and prove to the satisfaction of said judge by two citizens of said county of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law-abiding citizen. Provided, that if it shall be made to appear to said judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced."

The matter of the granting of a suspension of the execution of a sentence is governed solely by statute; only those parties coming within the terms of the statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them ex-

cept at the discretion of the court. Ex parte Boyd, supra.; Todd v. State, 73 Okla. Cr. 18, 117 P. 2d 170; Martin v. State, 67 Okla. Cr. 390, 94 P. 2d 270.

The suspension of the execution of a sentence having once been granted, the suspension may not be revoked except for one of the conditions named in the statute. The conduct of the accused after receiving the suspended sentence is regulated by statute. The nonpayment of costs is not properly one of the conditions upon which the revocation of a suspension of sentence may be used.

When an accused is convicted of an offense which carries with it imprisonment in the county jail and the payment of costs, the payment of costs of the prosecution is made a part of the punishment, and payment shall be enforced by imprisonment in the county jail until the same shall be satisfied. Section 3166, O. S. 1931, 28 Okla. St. Ann. § 101; Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239.

The payment of costs being a part of the punishment and a part of the sentence imposed against the defendant, the suspension of the execution of sentence carries with it the suspension of the entire sentence, which suspends not only the sentence to confinement in the county jail but the payment of costs.

No doubt, there will be cases arising wherein the trial courts will view with favor the fact that a prisoner convicted of crime has paid the costs of the prosecution before applying for a suspended sentence. But where the accused does not voluntarily pay the costs before making application for suspended sentence, the court may not arbitrarily impose the payment of costs as one of the conditions in an order granting a suspended sentence.

The purpose of the granting of a suspended sentence is to aid in the reformation of the prisoner and to rehabilitate him so that he may make a useful citizen. To extend the terms of the statute so as to confer authority on the court to revoke a suspended sentence upon the failure of the accused to pay costs would place an unfair penalty upon a poor person. It would deprive a pauper of the equal protection of our laws and would punish him because of his poverty.

It is our conclusion that the order of the court revoking the suspended sentence granted to the petitioner, upon the sole ground that the petitioner had failed to pay the costs of the prosecution, was arbitrary and constituted an abuse of judicial discretion.

For the reasons above stated, the writ of habeas corpus is granted; the petitioner being illegally restrained of his liberty at the time of the filing of the petition herein, it is ordered that he be discharged from custody.

BAREFOOT, P. J., concurs. DOYLE, J., absent and not participating.