## STATE v. JUNE SMITH.

No. A-10772.    Nov. 20, 1946.

(174 P. 2d 932.)

J. M. Springer, Co. Atty., of Nowata, Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for plaintiff in error.

June Smith, pro se.

JONES, P. J.   This is an appeal by the state from an order of the county court of Nowata county suspending a

30-day jail sentence pronounced against defendant upon the condition that defendant pay a fine of $75 and costs of prosecution.

On June 29, 1946, the defendant June Smith was arraigned before the county court of Nowata county upon an information charging him with the unlawful possession of intoxicating liquor. The defendant entered a plea of guilty to said charge, and thereupon the court rendered judgment sentencing the defendant to serve 30 days in the county jail and to pay a fine of $75 and costs of prosecution, and at the same time the court made an order suspending the jail sentence upon the condition that the defendant pay the fine and costs assessed against him.

The county attorney, as representative of the state, objected to the jail sentence being suspended, saved his exception to the court's action in suspending the jail sentence and has perfected his appeal to this court by filing a transcript of the record with petition in error attached.

Two questions are presented by the state in its appeal. First, the Prohibition Ordinance of the Constitution of the State of Oklahoma makes it mandatory upon the trial court to sentence an accused in a prohibition case to a term of imprisonment in the county jail for not less than 30 days and to pay a fine of not less than $50 and the court is wholly without authority to suspend a sentence thus fixed by the Constitution. Second, the trial court has no authority to suspend part of a sentence pronounced against an accused upon his conviction.

It is unnecessary for us to decide the first proposition as the charge against the defendant in this case was for illegal possession of intoxicating liquor, and such crime is not included in the prohibition amendment to our State

Constitution. The possession of intoxicating liquor is made a crime solely by reason of the statute, 37 O. S. 1941 § § 1, 31. The prohibition ordinance adopted by the people and made a part of our Constitution prohibits the manufacture, sale, barter, giving away, or otherwise furnishing, or the conveyance of intoxicating liquors from one place within this state to another place therein. In no part of this prohibition ordinance is it made unlawful to have the possession of intoxicating liquor.

Since the crime charged to the defendant is not one of those included in the prohibition ordinance of the Constitution, the question raised in proposition one is not properly before this court for determination and any statement we might make in reference thereto would be dicta.

In the case of Ex parte Banks, 74 Okla. Cr. 1, 122 P. 2d 181, 183, this court held:

"When an accused is convicted of an offense which carries with an imprisonment in the county jail and the payment of costs, the payment of costs of the prosecution is made a part of the punishment, and payment shall be enforced by imprisonment in the county jail until the same shall be satisfied. § 3166, O. S. 1931, 28 Okla. St. Ann. § 101; Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239. * * *

"Where accused is convicted of an offense which carries with it imprisonment in the county jail and payment of costs, and trial court suspends execution of sentence, such order suspends not only the confinement to the county jail but the payment of costs."

In that case the petitioner Ollie Banks had been sentenced by the district court of Carter county to serve a term of imprisonment of one year in the county jail upon a plea of guilty to the charge of assault with a dangerous weapon. The journal entry of the judgment and sentence contains this recitation:

"It is the further order of the court that his sentence be suspended upon good behavior and payment of costs."

Just ten days prior to the expiration of the sentence pronounced against the petitioner, the district court summarily and without notice to the petitioner Banks entered an order revoking the suspended sentence and remanded him to the custody of the sheriff of Carter county for the reason that the petitioner had failed to comply with that part of the order of the court requiring the petitioner, as a condition of the suspension of his sentence, to pay the costs of the proceedings.

In the body of the opinion it is stated:

"The matter of the granting of a suspension of the execution of a sentence is governed solely by statute; only those parties coming within the terms of the statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court. Ex parte Boyd, supra, (73 Okla. Cr. 441, 122 P. 2d 162) ; Todd v. State, 73 Okla. Cr. 18, 117 P. 2d 170; Martin v. State, 67 Okla Cr. 390, 94 P. 2d 270.

"The suspension of the execution of a sentence having once been granted, the suspension may not be revoked except for one of the conditions named in the statute. The conduct of the accused after receiving the suspended sentence is regulated by statute. The non-payment of costs is not properly one of the conditions upon which the revocation of a suspension of sentence may be based. * * *

"The payment of costs being a part of the punishment and a part of the sentence imposed against the defendant, the suspension of the execution of sentence carries with it the suspension of the entire sentence, which suspends not only the sentence to confinement in the county jail but the payment of costs."

The constitutionality of the statute authorizing courts of record in Oklahoma to suspend the sentence of persons convicted of certain crimes named in the statute has been upheld. 22 O. S. 1941 § § 991 and 992. Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162.

The granting of a suspended sentence is regulated solely by statute. This power did not exist in the court at common law. Ex parte Boyd, supra.

The statute provides:

"Whenever any person shall be convicted in any court of record for any crime other than murder, manslaughter or arson, the Judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said person so convicted to be released upon his own recognizance. Provided, that no such person shall be so released who has not, prior thereto, borne a good reputation, or who may have been, prior thereto, convicted of any crime in any state or territory of the United States." 22 O. S. 1941 § 991.

The trial court under this statute has a judicial discretion to determine whether the accused is eligible for a suspended sentence and whether the court in the exercise of its discretion chooses to suspend the sentence. The statute above quoted, however, only authorizes the trial court under the conditions therein named to suspend "said judgment and sentence." It does not authorize the suspension of just a portion of the judgment and sentence, but the suspension must be granted of the entire judgment. The act of a county court in suspending a jail sentence in a conviction of an accused for a violation of the intoxicating liquor laws upon condition that he pay the fine and costs is a usurpation of authority not vested in it by our statute.

It follows that the act of the county court of Nowata county in making an order suspending the jail sentence

pronounced against the accused without at the same time suspending the payment of the fine and costs being without authority of law is vacated and set aside.

BAREFOOT, J., concurs. DOYLE, J., not participating.