## SLAUGHTER v. STATE.

No. A-11447.   Oct. 24, 1951.

(236 P. 2d 993.)

Huser & Hargrave, Wewoka, for plaintiff in error.

Mac. Q. Williamson, Atty Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Turner Jill Slaughter, defendant below, was charged by information with the offense of driving a motor vehicle on the public highways of Seminole county, Oklahoma, while under the influence of intoxicating

liquor. The alleged offense occurred on November 12, 1949, at a point on the highway between 5th and 11th streets on Mekusukey Avenue being a part of U. S. Highway No. 270 in the city of Wewoka, Oklahoma. The defendant was tried by a jury, convicted, his punishment fixed at 45 days in jail and a fine of $100. Judgment and sentence was pronounced in accordance with the jury's verdict.

The state's proof of the charge as laid in the information was substantially as follows. W. F. Robinson, Highway Patrolman, testified that on the day and at the place in question, in the night time, he came upon a car which crossed over the highway and all but forced them off the pavement. The patrolman and trooper Vernon Anderson turned around and pursued the defendant sounding their horn and flashing their red light, while the defendant continued to drive on the wrong side of the highway for a distance of about 75 yards. They finally got the defendant Slaughter who was driving, to stop the car. Slaughter got out of the car with a strong smell of intoxicating liquor on his breath, he said, a staggering walk and fairly belligerent attitude. Slaughter's male associate was also drunk. The defendant and his associate were delivered to Charley Johnson, the jailer, who put them in jail.

Trooper Vernon Anderson's testimony corroborated Patrolman Robinson's as to the defendant's drunken condition at the time of his arrest, as did the desk sergeant, George Lawson, and Charley Johnson, the jailer, as to their condition when he was presented to them at the jail. Objection was made to Trooper Anderson's and Sergeant Lawson's testimony on the ground that the rule had been requested and they had remained in the courtroom in violation of the rule excluding witnesses from the courtroom while Patrolman Robinson testified. In addition to corroborating Patrolman Robinson, Trooper Anderson testified that when he asked the defendant for his driver's license he did not have it but stated he had left it at home. Trooper Anderson testified that in checking the master file in this regard they discovered the defendant had been arrested before and his driver's license had been revoked. Objection was made to this evidence and overruled. A motion for mistrial was made and overruled. The jury was admonished by the court not to consider this evidence.

Later the defendant took the stand in his own behalf and on cross-examination admitted that he was arrested in Pauls Valley, Oklahoma, on or about June 28, 1949, and charged with driving a motor vehicle while under the influence of intoxicating liquor, to which charge he plead guilty and upon which plea his license was revoked. For this offense he paid a fine of $115. Defendant admitted he had one bottle of beer to drink on the trial of the present charge. He insisted he was not drunk.

Bill Morrison, a witness for the defendant, testified he was with him on the night in question. He said the defendant drank one bottle of beer. He testified the defendant was not drunk. He also said Slaughter "drove as good as anybody". He stated if he drove on the wrong side of the road "he did not pay it any mind".

After the instructions of the court and argument of counsel the jury retired and later returned its verdict in court. This verdict found the defendant guilty and fixed his punishment at 6 months in jail and a fine of $150. It further provided, "We, the jury, recommend the jail sentence be suspended". The court asked the jury if this was their verdict. Their reply was in the affirmative. The trial court then explained to the jury they could not suspend the jail sentence without suspending the fine. He told them to return to their juryroom for further deliberation. This they did and over the objection and exception of the defendant. Thereafter they returned with their verdict fixing the punishment at 45 days in jail and a fine of $100. To this verdict the defendant objected and gave notice of

intention to appeal to the Criminal Court of Appeals. On this record this case is here on appeal.

The defendant urges 3 grounds for reversal. First, that the trial court committed prejudicial error in not excluding this testimony of the state's witnesses who remained in the courtroom in violation of the rule excluding them. It has been held that where the order of the trial court excluding witnesses from the courtroom is wilfully violated, it is a matter within the trial court's discretion to allow or exclude the testimony of such witnesses. Gorum v. State, 67 Okla. Cr. 75, 92 P. 2d 1086; Kilgore v. State, 10 Okla. Cr. 446, 137 P. 364; Womble v. State, 50 Okla. Cr. 108, 296 P. 515. In the case at bar we do not believe the court abused his discretion. The evidence was cumulative of competent evidence of drunken driving.

The second proposition urged by the defendant is that the trial court erred by permitting the state to produce evidence of a prior arrest and revocation of the defendant's driver's license. This court has repeatedly condemned the practice of officers volunteering evidence of prior convictions and matters relating to the character of the defendant where he has not made such an issue. Atkins v. State, 94 Okla. Cr. 231 P. 2d 406, and cases therein cited. We cannot condemn this practice too severely. In a close case such evidence has in many instances resulted in reversals. The trial court sustained the defendant's objection to this evidence and admonished the jury not to consider it. We are of the opinion that under the clear evidence of defendant's guilt that was enough to have cured the error, in that this proof was cumulative it did not amount to prejudicial error which could not be overcome by the court's admonition. Certainly this is true in the case at bar, for when the defendant took the stand in his own behalf and testified on cross examination, he admitted he had plead guilty to drunken driving in Garvin county, paid a fine of $115 and had his license revoked therefor. It is altogether proper for the state to so examine the defendant. In Reagan v. State, 35 Okla. Cr. 332, 250 P. 435, it was held:

"In a criminal case, where a defendant takes the stand in his own behalf, he may be asked by the prosecution whether or not he has been convicted of any particular crime."

The trial court's admonition and the defendant's admission, and the law applicable hereto, deprived this contention of its efficacy.

The third proposition urged by the defendant is, that the trial court erred in not receiving the jury's first verdict fixing the punishment at 6 months in jail and a fine of $150 and with recommendation that the jail sentence be suspended; in returning them to their juryroom for further deliberation with the admonition that the jail sentence could not be suspended without the suspension of the fine also; and in receiving their second verdict fixing the punishment at 45 days in jail and a fine of $100 without any recommendation as to leniency. It is true had the trial court received the verdict in its first form and executed it exclusive of the recommendation the jail sentence be suspended the same would have been upheld on the ground such recommendation was surplusage and no part of the verdict, though in a case involving only a jail sentence or a fine respectively they may be persuasive and should be accorded great weight, where the court may suspend a sentence under the law. Estes v. State, 35 Okla. Cr. 335, 250 P. 809; Knopp v. State, 49 Okla. Cr. 416, 295 P. 228; Cole v. State, 70 Okla. Cr. 109, 104 P. 2d 981; Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834. These cases did not require the trial court to receive such a verdict. Such verdicts are informal particularly where the recommendation involves both the jail sentence and fine as herein, and where the recommendation relates only to the jail sentence exclusive of the fine. As was said in State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932:

"Under statute (22 O. S. 1941 § 991) vesting in courts of record authority to suspend judgment and sentence after conviction for certain crimes upon conditions named in the statute gives trial court the judicial discretion to determine whether an accused is eligible for suspended sentence and whether court chooses to suspend the sentence.

"Statute authorizing court to suspend sentence does not authorize the suspension of just a portion of the judgment and sentence, but if suspension is granted it must be of entire judgment."

In Cole v. State, supra [70 Okla. Cr. 109, 104 P. 2d 982], it was said:

"It fixed the defendant's punishment, and the clause in it is merely a recommendation that the fine be remitted. It is in no sense a part of the verdict. It was improper to make this recommendation in the verdict, but it does not affect the validity of the verdict, and was not prejudicial to defendant."

In Knopp v. State, supra, such verdicts are referred to as informal but while the verdict is informal it is not illegal and was sufficient to authorize the court to pronounce judgment thereon. We know of no mandatory direction requiring the trial court to follow the procedure herein pursued. Nevertheless the trial court acted clearly within the statutory provisions in refusing to receive such a verdict and in requiring the jury to correct the same under the conditions herewith presented, involving both a jail sentence and a fine with a recommendation of suspension of the jail sentence alone. Section 919, Title 22, O. S. A. 1941, provides as follows:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

In Williams v. State, 92 Okla. Cr. 70, 220 P. 2d 836, 838, wherein, after repeating almost verbatim the foregoing § 919, T. 22 O.S.A. 1941, we said:

"The verdict of the jury must be certain, positive, and free from all ambiguity; it must convey on its face a definite and precise meaning, and should show just what the jury intended, and an obscurity which renders it at all doubtful will be fatal to it."

Only because the trial court acted under authority of law, § 919, Title 22 O.S.A. 1941, the intent of the jury was clearly determined. It appears that the jury under their first verdict intended to extend leniency to the defendant, but under the form of the verdict the trial court under the statute and adjudicated cases, in its then form, could not execute and carry out the jury's intent. Therefore, the trial court acted properly in returning the verdict to the jury for further consideration. Such attitude is commendable. It enables the jury to determine the verdict with that certainty required of law without working a hardship on the defendant by compelling him to submit to the verdict exclusive of the recommendation. Furthermore, the defendant could not complain of the court's action in refusing to receive the jury's verdict for the defendant having a prior conviction for drunken driving was not eligible for a suspended sentence, T. 22, § 991, O.S.A. 1941. Hence, the court conferred a benefit upon the defendant in returning the jury to their room for further consideration, which resulted in a lighter penalty, otherwise it would have been compelled to enforce the jury's first verdict. The trial court's action certainly was not prejudicial to the defendant. Furthermore, this case is a fair example of the purpose of Title 22, § 919, O.S.A. 1941. Herein the intent of the jury was arrived at with definiteness and certainty where, if the court had received the first verdict and enforced it according to law, the jury's intent to extend leniency would have been completely ignored. Certainly under these conditions the trial court's action could not be held

prejudicial to the defendant. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.