## WILKINSON v. STATE.
### No. A-12007.

Criminal Court of Appeals of Oklahoma.
July 21, 1954.

Murphy & Firestone, Kingfisher, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, Jack Lee Wilkinson, hereinafter referred to as defendant, was charged in the county court of Canadian County with the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor. A trial by jury having been waived, defendant was tried before the court, found guilty as charged, and punishment fixed by the court at a fine of $50 and costs.

The sole issue is whether the evidence was sufficient to sustain the judgment of conviction.

The evidence on the part of the State developed that on or about the 21st day of December, 1952, Ted Payne, a highway patrolman, was driving north on U. S. Highway 81 and at the south edge of Okarche he met a Chevrolet automobile being driven south at a high rate of speed. The patrolman turned around and pursued the speeding car, which continued on south on said Highway 81 at a speed estimated at 85 to 90 miles per hour. Officer Payne stated that several times during the pursuit the Chevrolet car had two wheels across the center line of the highway and that three or four times the right wheel of the car went off the pavement onto the shoulder of the highway; that it had been raining and the shoulder was slick and muddy, and at one time mud was splashed high and for an instant it looked as though the Chevrolet would turn over. Witness stated that he signaled the driver to stop by turning on the red light of the patrol car and by turning on the siren; that he finally stopped the driver of the Chevrolet just north of El Reno; that the defendant was at the steering wheel and several other boys were in the car with him; that he placed the defendant under arrest and took him to the county jail in El Reno.

Officer Payne further testified that defendant's breath smelled strongly of some kind of intoxicant; that he had a thickness about his speech that was more than a speech impediment, with which he was afflicted, usually caused; that he staggered when out of the car and was very unsteady on his feet. Witness searched the car and found a bottle half full of whiskey labeled "Glenmore" and several cans of beer, one of which had turned over on the back seat. It was the conclusion of the witness from such observation that the defendant was "definitely drunk".

Counsel for defendant on cross-examination attempted to develop that Trooper Payne was prejudiced against the defendant, which Payne denied. He was then asked: ".Well, now, you told me one time that this boy had antagonized you quite a good deal. A. .Not me. The Highway Patrol have had to stop him on numerous occasions."

D. K. Cunningham, employee of the Department of Public Safety, was riding in the patrol car at the time testified to by Trooper Payne. His testimony was substantially the same as that of Trooper Payne. He further stated that it was about fifteen or twenty minutes past 12 o'clock midnight when they met the Chevrolet car at the south edge of Okarche. He observed the speedometer of the patrol car at a time when the Chevrolet and Patrol cars were being operated at about the same speed, and estimated that the Chevrolet was being driven at a speed of 80 to 90 miles per hour; that after defendant's arrest he could smell an intoxicating beverage of some kind on defendant's breath; and noticed him stagger when he walked, and that he "weaved back and forth". Witness saw Trooper Payne remove a whiskey bottle and some beer cans from the Chevrolet car.

At this point the State rested its case, and the court overruled the demurrer interposed by the defendant.

The witness Don McAdo, age 17 years, testified that he, Don Boyer and Chuck

Wright were riding in the car with the defendant on the night they met the patrol car on Highway 81; that he and Boyer were riding in the back seat of the car, and that the defendant was not drunk. He admitted that the officers removed several cans of beer and a bottle partially filled with whiskey from the car. He said that defendant was driving between 65 and 70 miles per hour.

Charles Wright testified that on the night in question he was riding in the front seat with the defendant; that Boyer owned the car but was in the back seat asleep; that they were on their way to El Reno. When asked if defendant was drunk that night, he said, "He wasn't too drunk. He just drank a little after we started to El Reno, one bottle." Again he said: "He wasn't too drunk. I don't know whether he drank at the skating rink, I was skating and they were outside."

The defendant testified and admitted that he was driving the Chevrolet car when arrested by patrolman Payne, but denied that he was drunk, or under the influence of liquor while driving the car. He stated that he had drunk one or two bottles of beer, and had refused to drink any of the whiskey. He said that the whiskey belonged to Boyer, and stated: "I told him I had been drinking beer and didn't want any whiskey."

Witness admitted that he had been convicted of petit larceny in the city court of El Reno in 1951. He also stated that he had been troubled with his eyes so that he could barely see, and one eye was giving him trouble at the time of his arrest by officer Payne.

Both sides having rested, the court found the defendant guilty as charged. Subsequently, on September 1, 1953 judgment was entered as heretofore recited.

 Counsel argue that by reason of the fact that there was evidence to the effect that much of the highway traversed by the speeding automobile was shown to have been extremely rough, and by reason of the further fact that the defendant successfully drove the car over it at a high rate of speed and brought it to a successful stop at the instance of the Highway Patrolmen,

that such refutes the idea that the defendant was drunk, and demonstrated that he was not sufficiently under the influence of alcohol so as to adversely affect his driving.

The fact remains that there was evidence that the defendant was drunk. He admitted having drunk several beers. It is as reasonable to conclude that only a stimulant such as alcohol would so remove all inhibitions as to caution as to cause one to drive over a rough road at midnight at from 80 to 90 miles per hour, even though it so happened that the car was not wrecked and numerous persons killed, as might have been. This is particularly so in this case in view of the defendant's testimony that he had recently been nearly blind, and was even then having trouble with one of his eyes.

This court has often said that where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's finding. McCarthy v. State, 91 Okl. Cr. 294, 218 P.2d 397.

The judgment appealed from is affirmed.

JONES and BRETT, JJ., concur.