William Francis CAMPBELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12173.

Criminal Court of Appeals of Oklahoma.

Sept. 7, 1955.

John L. Dunn, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Plaintiff in error, William Francis Campbell, was charged in the municipal criminal court of the City of Tulsa, Tulsa County, of having operated a motor vehicle upon certain streets of that City while under the influence of intoxicating liquor. A jury was waived and at the conclusion of the trial the court entered judgment finding the accused guilty of the crime charged, and sentenced him to pay a fine of $150, and $20 costs, and 20 days in jail, jail time suspended on payment of the fine and costs.

This appeal was filed in this court on February 23, 1955. A brief, under the then rules was due to be filed not later than March 25, 1955, but counsel failed to file brief or appear when the case was set for oral argument on June 1, 1955.

The evidence disclosed that the defendant ran a stop sign and ran into the side of the car of the prosecuting witness. The damage was slight and covered by insurance. The defendant claimed that his brakes did not hold. The evidence was conflicting as to whether the defendant was intoxicated. He was not given a drunkometer test. One of the State's witnesses could not recount any circumstances to indicate that defendant was intoxicated. There was a sharp conflict in the evidence on this point. But there is sufficient evidence to support the judgment of the court as to the charge. Wilkinson v. State, Okl. Cr., 273 P.2d 143.

The court, however, was not authorized, after entering judgment, to suspend a portion of the same. In State v. Smith, 83 Okl.Cr. 188, 174 P.2d 932, 933, we said, in paragraphs 5 and 6 of the syllabus:

"Statute authorizing court to suspend sentence does not authorize the suspension of just a portion of the judgment and sentence, but if suspension is granted it must be of entire judgment.

"Act of county court in suspending jail sentence imposed on conviction for unlawful possession of intoxicating liquor upon condition that accused pay fine and costs is unauthorized and the order of the court suspending a part of said judgment and sentence is a nullity."

This court, however, does have jurisdiction by provision of § 1066, Title 22 O.S. 1951, Supp.1953, to modify judgments, and in view of the evidence and in view of the effort of the court to modify the judgment that was rendered, it is the thought of this court that the judgment should be, and it is modified so as to eliminate the jail sentence of 20 days, as attempted by the trial court, and it is otherwise affirmed and stands at a fine of $150, and the payment of the costs.

JONES, P. J., and BRETT, J., concur.