**Roy Charles WILLIAMS, Petitioner,**

**v.**

**The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondents.**

**No. A–13550.**

Court of Criminal Appeals of Oklahoma.

July 22, 1964.

Sid White, Oklahoma City, for petitioner.

John Amick, Asst. Oklahoma County Atty., for respondent.

BUSSEY, Judge.

This is an original proceeding in Habeas Corpus, instituted by Roy Charles Williams, an inmate in the State Penitentiary at McAlester, Oklahoma, seeking his release from confinement under Judgments and Sentences rendered against him in the District Court of Oklahoma County, Case No. 26713 and No. 27082.

From the record before us it appears that on November 25, 1960, the petitioner was charged with the offense of Burglary Second Degree in Custer County, Oklahoma, Case No. 1958. He entered a plea of not guilty and was released on bond. Subsequently he was twice charged with Burglary Second Degree in Oklahoma County, to which charges, on the 11th day of September, 1961, he entered pleas of guilty in District Court Cases No. 26713 and No. 27082; said sentences were suspended by the Court under the provisions of Title 22 O.S. § 991.

Thereafter, the petitioner entered a plea of guilty in the District Court of Custer County Case No. 1958, on the 18th day of June, 1962, and was, by the Court, sentenced to a term of Four (4) Years in the State Penitentiary at McAlester, said sentence was suspended under the provisions of Title 22 O.S. § 991. On the 17th day of September, 1962, the Honorable W. P. Keen vacated the Judgment and Sentence rendered in District Court of Custer County, after learning of the pleas of guilty previously entered in Oklahoma County in Cases No. 26713 and No. 27082; and sentenced the petitioner to a term of Three (3) Years imprisonment in the State Penitentiary. On the same day the petitioner was transported to Oklahoma County, where a hearing was conducted on the Motion of the County Attorney of Oklahoma County, to Revoke the Order Suspending Judgments and Sentences in District Court Cases No. 26713 and No. 27082. At the conclusion of said hearing, the Honorable Clarence Mills entered an Order Revoking the Order Suspending said Judgments and Sentences, stating as he did so:

"That the defendant has violated the terms of the said Order granting said defendant suspended sentences, in that on the 18th day of June, 1962, the defendant entered pleas of guilty to the charge of Burglary in the Second Degree before the Honorable W. P. Keen, District Judge of Custer County, Okla-

homa, at Arapaho, Oklahoma, that the sworn testimony of the County Attorney, J. B. Harvey, of Custer County, showed that defendant Roy Charles Williams committed fraud upon the Court of Custer County when he failed to inform the Court or the County Attorney of Custer County that he had been convicted of a felony in Oklahoma County, and was at that time under suspended sentence."

It is the contention of petitioner that the Order entered by the Honorable Clarence Mills vacating the Orders Suspending Judgments and Sentences in District Court Case No. 26713 and No. 27082 was an abuse of judicial discretion for the reason that it was not revoked for any of the grounds sanctioned by law under the provisions of Title 22 O.S. § 992, the same providing:

"Any person so released as provided in the preceding Section shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced." R.L.1910 § 5987; Laws 1937 P. 20, § 2.

We have repeatedly held that:

"The matter of revocation of suspended sentence is within the sound discretion of the trial court, and is limited

only by the provisions of the statutes." Valentine v. State, Okl.Cr., 365 P.2d 166.

■ But we have also held; quoting from the body of the opinion of Ex parte Banks, 74 Okl.Cr. 1, 122 P.2d 181, appearing at page 183, that:

"The suspension of the execution of a sentence having once been granted, the suspension may not be revoked except for one of the conditions named in the statute. * * *"

■ It does not appear that the District Judge of Custer County ever asked the petitioner whether or not he had been convicted of a felony prior to June 18, 1962, when the Judge originally sentenced the petitioner to Four (4) Years in the State Penitentiary and suspended the execution of the same. Had the County Attorney requested that the petitioner be sworn and inquired of him whether or not he had been previously convicted of a crime and the petitioner had answered falsely; evidence of the same having been done, would have supported the Order of the Honorable Clarence Mills revoking the Order Suspending Judgments and Sentences. Where the record is silent as to whether or not the petitioner was ever asked by the Court whether he had been previously convicted, the petitioner's failure to volunteer this information does not constitute a violation of any of the provisions of Title 22 O.S. § 992, Supra.

We observe that when the Honorable W. P. Keen was apprised of the petitioner's prior pleas of guilty in Oklahoma County, he properly vacated the Judgment and Sentence and re-sentenced the petitioner to a term of Three (3) Years in the State Penitentiary.

To summarize, we are of the opinion and accordingly hold that, the Order entered on the 17th day of September, 1962, Revoking the Orders Suspending Judgments and Sentences in District Court Cases No. 26713 and No. 27082, was not based on a violation of any of the conditions enumerated in Title 22 O.S. § 992.

For reasons herein set forth, the Writ prayed for is granted, and the Order entered by the Honorable Clarence Mills, on September 17, 1962, Revoking the Orders Suspending Judgments and Sentences in Cases No. 26713 and No. 27082, is vacated; and Respondent, Warden Ray H. Page, is directed to discharge Roy Charles Williams from further confinement under the Judgments and Sentences rendered in the District Court of Oklahoma County in Cases No. 26713 and No. 27082.

JOHNSON, P. J., concurs.

NIX, J., not participating.