Parole — Consideration — Time Split sentences are not presently authorized by Oklahoma law, and any language in a Judgment and Sentence issued since the repeal of 22 O.S. 991 [22-991] (1961), as amended by ch. 333, O.S.L. 1963, and by ch. 196, O.S.L. 1965, should be treated as surplusage and disregarded. The provisions of 57 O.S. 332.7 [57-332.7] (1961), relating to consideration for parole upon completion of one-third (1/3) of a sentence, are applicable only to the full tenn of any split sentence given when split sentences were authorized. The Attorney General has had under consideration your letter in which you ask for: ". . . an opinion concerning the split sentence, that we may have some guidance as to the appropriate time to docket for clemency consideration by the Pardon and Parole Board." Your letter goes on to state that your concern arises from your duties under 57 O.S. 332.7 [57-332.7] (1961), as modified by the Oklahoma Corrections Act of 1967, which requires consideration for parole of any inmate of a penal institution upon completion of one-third (1/3) of his sentence. You are particularly concerned with the situation of an inmate who has been given a "split sentence," i.e., one which specifies that the defendant shall spend a certain portion of the term of his sentence in actual custody and confinement but with the execution of the remainder of the term suspended. Your specific inquiry is whether the one-third (1/3) provision of Section 57 O.S. 332.7 [57-332.7], supra, is applicable to the "time-in" portion of the sentence or only to its full term. In partial reply you are advised that split sentences such as you describe are not presently authorized by Oklahoma law. When the Oklahoma Corrections Act of 1967 was enacted, 22 O.S. 991 [22-991] (1961), as amended by ch. 333, O.S.L. 1963, and by ch. 196, O.S.L. 1965, was repealed. It was the 1963 amendment to said Section 991 that first authorized split sentences in Oklahoma, and the 1965 amendment enlarged this authority. Prior to the 1963 amendment, the Oklahoma Court of Criminal Appeals had on several occasions held that there was no authority for a judge or court to suspend the execution of part of a sentence. Wiley v. State, Okl. Cr., 349 P.2d 30 (1960); Campbell v. State, Okl. Cr., 287 P.2d 713 (1955); Stevens v. State Okl. Cr., 274 P.2d 402 (1954); Slaughter v. State, 94 Okl. Cr. 407, 236 P.2d 993 (1951); and others. In State v. Smith, 83 Okl. Cr. 188, 174 P.2d 932 (1946), the court said: "The granting of a suspended sentence is regulated solely by statute. This power did not exist in the court at common law." Opinions in cases decided since State v. Smith have emphasized the need for an explicit statutory basis for suspending execution of a sentence, and that there is only such authority as is granted by statute. Present sentencing provisions of Oklahoma law were originally enacted as part of the Oklahoma Corrections Act of 1967. Although said Act has been codified and in major part now appears as 57 O.S. 501 [57-501] — 57 O.S. 524 [57-524] (1968), the sentencing provisions have been recodified and now appear as 22 O.S. 99a [22-99a] (1968). Said Section 22 O.S. 99a [22-99a] in its present form authorizes suspended sentences but does not explicitly authorize split sentences. In consideration of this, of the repeal of the former Section 991, supra, and of the line of Oklahoma cases holding that split sentences must depend upon explicit statutory authority, we conclude that split sentences are not presently authorized by Oklahoma law and have not been authorized since the repeal of the former Section 991. We take notice, however, that some judges and courts of the state have given split sentences to defendants in some cases since the repeal of the said former Section 991. In this connection we think that the prevailing view is expressed in 24 C.JS. Criminal Law, Section 1586, as follows: ". . . Unnecessary expressions in the sentence may be treated as surplusage. Also, an order suspending sentence without authority, made part of a judgment or attached to it, or an offer of modification embodied in a judgment, is surplusage and will be disregarded . . . ." (Emphasis added) See also Cote v. Cummings, 126 Me. 330, 138 A. 547 (1927), which discusses at considerable length the effect of an unauthorized split sentence. The foregoing would be dispositive of your request except for the possibility that you still may have to consider the application of Section 332.7, supra, to an authorized split sentence, i.e., one given prior to the 1967 repeal and after the 1963 amendment to Section 991, supra. We have found no Oklahoma cases nor cases from any other jurisdiction dealing with such a situation. We do, however, find dictum to the effect that statutory provisions such as the said Section 332.7 are intended to give relief to persons unable to hire counsel or otherwise be assisted in applying for a parole . Petition of Leaser,89 Okl. Cr. 351, 207 P.2d 365. The intent of such a statute apparently is to prevent an inmate from being forgotten by the authorities simply because he does not initiate an application — whether through ignorance of his right to apply or because of restrictions incident to his confinement. The statute clearly does not prevent an inmate from personally initiating an application for a parole before he has served one-third (1/3) of his term or at any other time. Petition of Leaser, supra. But the effect of the statute is for the law to initiate an application for him at least once during his term of confinement. We also find this split-sentence situation somewhat analogous to that of an inmate serving an indeterminate sentence. Indeterminate sentences have regularly been construed as sentences for the maximum or full term, and we have previously held that the Oklahoma indeterminate sentence law's provisions relating to mandatory consideration for parole (57 O.S. 353 [57-353] — 57 O.S. 356 [57-356] (1968)) when construed vis-a-vis Section 57 O.S. 332.7 [57-332.7], supra, does not require consideration for parole upon completion of one-third (1/3) of the minimum term of an indeterminate sentence. See Opinion No. 63-484. We conclude that split sentences are analogous to indeterminate sentences, i.e., that they are in legal contemplation sentences to the full term. We therefore conclude that the one-third (1/3) provision of Section 332.7 should be applied only to the full term and not to the "time-in" portion of the term of a split sentence. We take note that this will result in the provision's never becoming applicable to some inmates, including any of those for whom the suspended portion of a split sentence is never revoked. But we feel that this interpretation nevertheless serves the purpose of Section 57 O.S. 332.7 [57-332.7], in that these persons have not been forgotten by the authorities but in fact have been afforded a form of clemency. In summary then and in answer to your inquiry, it is the opinion of the Attorney General that split sentences are not presently authorized by Oklahoma law and that any language in a judgment and sentence issued since the repeal of 22 O.S. 991 [22-991] (1961), as amended by ch. 333, O.S.L. 1963, and by ch. 196, O.S.L. 1965, purporting to suspend the execution of a portion of a sentence, should be treated as surplusage and disregarded. It is the further opinion of the Attorney General that the provisions of 57 O.S. 332.7 [57-332.7] (1961), relating to consideration for parole upon completion of one-third (1/3) of a sentence, are applicable only to the full term of any split sentence given at such time as split sentences were authorized. (Hugh H. Collum) ** See: Opinion No. 69-207 (1960)