**Wetahanna Jo BETSY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14997.**

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

**280**

Waldo E. Jones, Sr., Tulsa, for plaintiff in error.

Waldo F. Bales, Tulsa City Atty., David O. Harris, Deputy City Atty., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Wetahanna Jo Betsy, hereinafter referred to as defendant, was convicted in the Municipal Criminal Court of Tulsa with the crime of Lewdness, and appeals.

The evidence offered in this case was solely constituted from the uncontradicted testimony of the State's witness, James Carr.

Briefly stated, the facts as testified to by Carr were that Carr was a nine-year veteran of the Police Department of the City of Tulsa, attached to the Vice Squad. At approximately 11:45 p.m. on the 27th day of March, 1968, Carr went to the Bliss Hotel in the City of Tulsa for the purpose of acting as a decoy for prostitutes. In the hotel Carr had a conversation with the bellboy concerning the procurement of a girl. He obtained a room in the hotel and went to that room. Later the defendant came to the room and had a conversation with Carr wherein the defendant agreed, for the sum of $22.00, to have sexual intercourse with Carr and perform oral sodomy for a period of thirty minutes. Carr gave the defendant the sum requested and she undressed, at which time the defendant was arrested.

The single assignment of error urged by the defendant is that the evidence is wholly insufficient to support the trial court's finding of guilt and the judgment and sentence rendered in accordance therewith. No authority is cited by the defendant, but he urges that since the evidence disclosed only a conversation between Officer Carr and the defendant, this conversation could not support a conviction.

Counsel for the defense ignores the evidence adduced by him on cross-examination appearing in the record at page 32, where the following questions were asked and answers given:

"Q. Now are you telling this court that the defendant took all her clothes off?

A. That is right.

Q.  And that she was naked?

A.  That was right."

Title 21 O.S. § 1029, reads as follows:

"It shall further be unlawful:

(a)  To engage in prostitution, lewdness, or assignation;

(b)  To solicit, induce, entice, or procure another to commit an act of lewdness, assignation, or prostitution, with himself or herself;

(c)  To reside in, enter, or remain in any house, place, building, or other structure, or to enter or remain in any vehicle, trailer, or other conveyance for the purpose of prostitution, lewdness, or assignation;

(d)  To aid, abet, or participate in the doing of any of the acts herein prohibited."

We are of the opinion that the uncontroverted evidence amply supports the court's finding of the defendant's guilt and that this assignment of error is without merit.

Although not raised on appeal, it appears that the trial court was unaware at the time of imposing judgment and sentence that his authority to suspend the judgment and sentence in part under the provisions of 22 O.S. § 991, had been repealed by the adoption of the Oklahoma Corrections Act of 1967, or he surely would not have imposed a sentence of one year imprisonment, nine months of which was suspended, and costs. Although this Court stated in the case of State v. Smith, 83 Okl.Cr. 188, 174 P.2d 932 that the order of the trial court suspending a portion of the sentence imposed rather than the entire sentence, is to be considered as surplusage and disregarded, we are of the opinion that the ends of justice would best be served by modifying the sentence from the term of one year imprisonment, to the punishment usually imposed where the facts are similar to those presented herein.[1]

In the interest of justice, the judgment imposed is modified from a term of one year with nine months suspended in the county jail to a term of thirty (30) days imprisonment in the county jail and costs, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.

---

1.  See Fields v. State, Okl.Cr., 453 P.2d 264; Taylor v. State, Okl.Cr., 453 P.2d 267; Shook v. State, Okl.Cr., 453 P.2d 332, where the facts were similar to those in the instant case and the sentence of thirty days imprisonment was affirmed.