Ben Ivan RITTER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12248.

Criminal Court of Appeals of Oklahoma.

Feb. 8, 1956.

counsel he was sent to the state hospital for the insane at Norman for observation. At the end of 16 days, the District Court was notified by letter from the hospital that the accused is:

"* * * so extremely obsessed with sexual matters that he is unable to perform in a rational manner. He knows the difference between right and wrong but is not able to adhere to the right and refrain from the wrong. In his present condition he is certainly not able to make an adequate adjustment to society and it is recommended that he be regularly committed to a mental institution."

The accused was immediately returned to the county jail of Stephens County at Duncan. Two months later while the accused was still lodged in the county jail, his attorney filed a petition demanding a jury trial on the question of the present sanity of the accused. Two weeks later trial was had on the question of the present sanity of the accused before a jury. After hearing testimony of witnesses pro and con upon the issue of sanity, the jury returned a verdict finding that defendant was sane. The defendant then appeared in court with his counsel, withdrew his plea of not guilty and entered his plea of guilty... Judgment and sentence was postponed for 10 days. At the time the cause came on for pronouncement of sentence, the accused introduced the testimony of several citizens as to his good reputation.

The county attorney introduced the statement of the physician who made a physical examination of the 9 year old stepdaughter at the time the complaint was filed, which physical examination showed that she had been sexually penetrated. The hymen had been torn but the scar was old and in the opinion of the doctor, she had been having sexual intercourse for several months. The county attorney also introduced in evidence the sworn statement of the defendant which was given while he was in custody prior to the time he was sent to the hospital for observation. In this statement the accused stated he was 23 years of age and had been married for 5 years. His wife had two children by a previous mar-

Hegel Branch, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Ben Ivan Ritter was charged by an information filed in the District Court of Stephens County with the crime of rape in the first degree allegedly committed upon his 9 year old stepdaughter. The week following his arrest at the request of his

riage, the older being age 9 and allegedly the victim of the assault. In this statement the defendant detailed a series of sexual acts with his stepdaughter which had continued at various places over a period of 8 months, the last of which occurred just two days before his arrest. At the conclusion of the hearing the defendant was sentenced to serve a term of 25 years in the penitentiary.

■ On appeal the single question presented is the contention of the accused that the sentence was excessive and influenced by passion and prejudice. The record does not support this contention. We cannot say the sentence of 25 years upon a plea of guilty to the rape of a 9 year old girl is excessive. Verdicts have been rendered in Oklahoma giving the death penalty for such an act. Sapp v. State, 83 Okl.Cr. 53, 172 P.2d 643.

■ Counsel contend that the court failed to take into consideration the lack of mental capacity of the accused as related by the mental expert from the state hospital. It is true that the psychiatrist testified that in his opinion the defendant was mentally irresponsible. However, the defendant's father and mother who were called to testify in support of his alleged insanity testified that the accused was a farm boy who had an eighth grade education, had worked 5 years with a seismograph crew and 3 years in a service station prior to the time of the alleged assault. They testified that he had commenced to act "queer" but they had never thought about committing him to an insane asylum. Other lay witnesses who were acquainted with defendant testified that he talked and acted normally. The jury heard the conflicting testimony and decided that the accused was sane. If sane, although mentally weak, the mere fact that the court did not give the defendant the minimum sentence of 15 years imprisonment in the penitentiary is insufficient to justify this court in interfering with the sentence which was rendered.

Affirmed.

BRETT and POWELL, JJ., concur.