**M. W. LEE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13510.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1964.

Rehearing Denied Aug. 2, 1965.

Clyde F. Ross, Okemah, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

On the 24th day of January, 1964, M. W. Lee appeared in person and by counsel, withdrew his plea of not guilty, previously entered, and entered a plea of guilty to a violation of Title 6 O.S.1961 § 260, the same providing:

"Every officer, director, employee or agent of any bank, who makes any false entry in any book, report or statement of the bank, with intent, in either case to injure or defraud the bank or any other person, firm or corporation, or to deceive any officer of the bank, or the Bank Commissioner, or any agent appointed to examine the affairs of any such bank; and any person who, with like intent, aids or abets any such officer, director, employee or agent to violate this Section, shall be deemed guilty of a felony, and upon conviction shall be punished by a fine not to exceed Ten Thousand ($10,000.00) Dollars and by imprisonment in the penitentiary for a period not less than five (5) years nor more than twenty-five (25) years; and the principal offenders and aiders and abetters may be charged in the same count, and separate offenses may be charged in separate counts of the same indictment or information, and be tried together." Laws 1937 p. 310, § 100.

Thereafter, after having considered the recommendation of the County Attorney, testimony offered in mitigation of punish-

ment by the said M. W. Lee, and being otherwise fully advised in the premises, the court proceeded to pronounce Judgment and Sentence of Ten (10) Years in the State Penitentiary at McAlester, Oklahoma, against the accused; failed to impose a fine, and assessed the costs of the prosecution against the accused; said Judgment further providing that:

"* * * and that in default of the payment or securing of the same, defendant stand committed to the State Penitentiary for an additional term to the above named sentence until said costs are satisfied in the proportion of one day's imprisonment to each dollar of said costs. * * *"

 On appeal defendant asserts that the Judgment and Sentence of Ten Years imprisonment in the State Penitentiary is excessive and prays that the same be reduced by this Court.

We have carefully examined the record of the proceedings, the recommendation of the County Attorney and the testimony of the accused, offered prior to Judgment and Sentence, and are of the opinion that the punishment imposed is not excessive. Title 6 O.S. § 260 prescribes for a minimum of Five (5) Years and a maximum of Twenty-Five (25) Years. The term of Ten (10) Years is Five Years more than the minimum and Fifteen Years less than the maximum, and in the absence of any showing that it was imposed as a result of bias, passion or prejudice on the part of the trial court and following the rule set forth in Ritter v. State, Okl.Cr., 293 P.2d 622,[1] we are of the opinion that this portion of the Judgment and Sentence should be and the same is hereby affirmed.

We are of the further opinion that the latter portion of the Judgment and Sentence assessing the costs of the prosecution against the accused was proper under the provision of Title 28 O.S.1961 § 101, which states:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison. R.L.1910 § 3196; Laws 1913 ch. 112, p. 203, § 1."

However, under the authorities of White v. State, 76 Okl.Cr. 147, 134 P.2d 1039; Ex parte Autry, 58 Okl.Cr. 88, 50 P.2d 239; and Ex parte Wagner, 58 Okl.Cr. 161, 50 P.2d 1135:

"[I]t is settled that a person may not be committed to the State Penitentiary to satisfy a judgment for a fine and costs, but that payment should be enforced by imprisonment in the county jail until the same shall be satisfied."

It thus appears that that portion of the Judgment and Sentence directing that the accused should stand committed to the State Penitentiary for an additional term to the above named sentence until said costs are satisfied in the proportion of one day's imprisonment to each dollar of said costs, should be corrected to conform to the views expressed in White v. State, Supra.

---

1. "The Criminal Court of Appeals will not interfere with sentence pronounced on pleas of guilty unless it can determine from the record that the sentence was manifestly excessive and probably the result of passion or prejudice."

The Judgment and Sentence of the District Court of Okfuskee County is affirmed and this cause is remanded with instructions to correct the Judgment and Sentence in conformity to the views herein expressed.

Affirmed and remanded with instructions.

JOHNSON, P. J., and NIX, J., concur.