# STATE v. HEJDUK.

No. A-11338.   June 6, 1951.

(232 P. 2d 664.)

Mac Q. Williamson, Atty. Gen., Max E. Sater, County Atty. of Payne County, Robert M. Murphy, and Asst. County Atty. of Payne County, Stillwater, for plaintiff in error.

Leon J. York, and Paul L. Myrick, Stillwater, for defendant in error.  .

JONES, J.   Fred Hejduk was found guilty by a jury sitting in the county court of Payne county, wherein he was charged by an information with the crime of unlawful transportation of intoxicating liquor; the jury did not fix the punishment but left the same to be fixed by the court; thereafter the trial court sentenced the defendant to serve six months in the county jail and pay a fine of $500 and costs.   At the time the judgment and sentence was pronounced the court entered its order suspending the execution of said judgment and sentence in accordance with the conditions set forth in 22 O. S. 1941 §§ 991 and 992.

The State of Oklahoma objected to the suspension of the sentence, saved its exception to the action of the court and has taken this appeal.

The basis for the appeal by the state is their contention as follows: The prohibitory ordinance which forms a part of the Oklahoma Constitution defines the crime of transporting intoxicating liquor and fixes an unalterable minimum punishment for violation thereof; such provision is self-executing and the suspending of a sentence of a person convicted of said offense is a conflict with said constitutional provision.

It is true that the prohibitory ordinance which became a part of the Oklahoma Constitution contains a provision prohibiting the conveyance of intoxicating liquor from one place within this state to another place, and provides as punishment upon conviction for such transportation a fine of not less than $50 and imprisonment for not less than 30 days for each offense. This provision in the Constitution has been held self-executing. Ex parte Cain, 1 Okla. Cr. 7, 93 P. 974; Ex parte Smith, 24 Okla. Cr. 415, 218 P. 708, 710.

In Ex parte Smith, supra, this court stated:

"The fact that a provision in a Constitution is self-executing does not necessarily preclude the Legislature from legislating on the same subject. Such provision may be supplemented by appropriate laws designed to make it more effective, within the bounds reserved by the Constitution and not exceeding the limitations specified. 2 Corpus Juris, 731; 6 R. C. L. 61; Stevens v. Benson, 50 Or. 269, 91 P. [577,] 578; Reeves v. Anderson, 13 Wash. 17, 42 P. 625; Beecher v. Baldy, 7 Mich. 488; Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626; People v. Draper, 15 N. Y. 532; Cooley's Const. Lim. (7th Ed.) 122."

In Santino v. State, 29 Okla. Cr. 149, 232 P. 859, it was held:

"The provisions of the prohibitory liquor laws in the state Constitution, fixing a minimum punishment at not less than 30 days imprisonment and not less than a fine of $50.00, does not deprive the Legislature of power to make a violation of said law a felony, so long as the act of the Legislature conforms to the minimum punishment fixed by the Constitution and is not otherwise objectionable."

The Legislature has enacted legislation supplemental to the prohibitory ordinance, which makes it an offense to convey intoxicating liquor from one place in the state to another place therein, and provides a minimum punishment of thirty days in the county jail and a fine of fifty dollars. 37 O. S. 1941, § 1. This statute is not in conflict with the constitutional provision, and prosecutions since its adoption have been under the statute.

But irrespective of the question as to whether prosecutions are under the statute or are instituted pursuant to the self-executing provision of the State Constitution, prohibiting the transportation of intoxicating liquor, the trial court under the law had a right to suspend the sentence of a person convicted for such transportation, if he came within the provision of the statute pertaining to his good reputation etc. 22 O. S. 1941 § 991.

The state misconceives the purpose of the suspended sentence statute. Trial courts in Oklahoma do not give suspended sentences as is done in some other states. Under the statute, after judgment and sentence has been pronounced, the court is authorized at the time to suspend the execution of said judgment and sentence under the conditions named in the statute. In Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163 this court held:

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court.

"Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied, presumption of innocence is overcome, and hence suspension of sentence is not a matter of right, but purely within trial court's discretion.

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute."

The question presented herein is not a difficult one to solve when it is understood that the suspending of the execution of the judgment does not affect or impair in any way the sentence which was pronounced. The defendant is convicted and the sentence still stands. The execution of the sentence alone is deferred and the suspension of the execution of the sentence may be revoked at any time during the period of the sentence within the discretion of the court. It is not a vested right which one accused of crime may demand and the revocation may be in a summary manner. Ex parte Boyd, supra; Ex parte Banks, 74 Okla. Cr. 1, 122 P. 2d 181.

When the trial court suspended the execution of the sentence of the accused in the instant case he did not free him from the legal consequences of his guilt. Hejduk merely received a conditional favor postponing his punishment, which may be withdrawn.

The fact that a crime is defined in the Constitution and a punishment for violation thereof is fixed in the Constitution does not place it in a different category from any other crime. The writers of the Constitution were merely making it certain that such acts as defined in the prohibition ordinance would be classified as criminal offenses and be punished the same as other criminal offenses which might be defined in subsequent legislation.

It follows from the foregoing that the trial court had the authority under the statute to suspend the execution of the sentence against the accused, and his judgment thereon is accordingly affirmed.

BRETT, P. J., and POWELL, J., concur.