**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DONALD E. STOLTZ,

      Petitioner-Appellant,

v.

CALVIN SANDERS, Administrative
Officer; STATE OF OKLAHOMA,

      Respondents-Appellees.

Nos. 00-6188 & 00-6288
(W.D. Okla.)
(D.Ct. No. CIV-99-1035-R)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

      [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Donald E. Stoltz, a state inmate appearing *pro se*, appeals the district court's decision denying his habeas petition filed pursuant to 28 U.S.C. § 2254.[1]  We deny Mr. Stoltz's motion for a certificate of appealability, deny his motion to proceed *in forma pauperis*, and dismiss his appeal.

The crux of Mr. Stoltz's § 2254 petition centered on the State of Oklahoma's revocation of his suspended sentence.  In short, Mr. Stoltz's claimed: 1) his initial suspended sentence and later revocation thereof were unlawful under the Oklahoma and United States Constitutions; 2) the state court lacked jurisdiction under Oklahoma law to revoke his suspended sentence; and 3) the state improperly delayed his revocation hearing, violating Oklahoma law and the United States Constitution.  Later, in a reply brief responding to the state's pleadings, Mr. Stoltz requested an evidentiary hearing and claimed the state trial court committed a double jeopardy violation by resentencing him after revocation of his suspended sentence.

---

[1] Mr. Stoltz filed two appeals concerning his petition.  First, he filed a notice of appeal concerning the district court's Order denying his petition.  He then filed another notice of appeal following the district court's Order denying his motion for a certificate of appealability.  On this court's own motion, we consolidated these two appeals and adopted Mr. Stoltz's opening brief for both appeals.

The federal district court assigned the matter to a magistrate judge who issued a cogent and thorough Report and Recommendation, carefully addressing each of Mr. Stoltz's claims. In brief, the magistrate judge recommended: 1) denying Mr. Stoltz's petition with respect to his first two claims, explaining they raised issues of state law; dismissing his third claim as conclusory, unsupported and lacking a showing of prejudice to Mr. Stoltz; denying Mr. Stoltz's double jeopardy claim as untimely and lacking merit; and denying Mr. Stoltz's request for an evidentiary hearing because he failed to carry the requisite burden to support his request. Following a review of Mr. Stoltz's objections to the magistrate judge's recommendations, the district court adopted the magistrate judge's Report and Recommendation in its entirety, and issued an Order denying his petition.

On appeal, Mr. Stoltz raises the same claims presented in his petition and addressed by the magistrate judge and district court. In addition, Mr. Stoltz generally asserts the magistrate judge considered the "wrong cases" in considering Mr. Stoltz's revocation and double jeopardy "situation."[2]

---

[2] We note the magistrate judge applied relevant, cogent Supreme Court, Tenth Circuit, Oklahoma and other persuasive authority in determining revocation of Mr. Stoltz's suspended sentence implicated state law and did not rise to a federal issue cognizable in a federal habeas proceeding. Moreover, we have long held revocation of a suspended sentence does not constitute double jeopardy. *See, e.g., Gillespie v. Hunter*,

To the extent Mr. Stoltz is contesting the legality of his original suspended sentence, and thereby its validity, we construe his petition as arising under 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity. *Id.*[3] Even though the district court considered Mr. Stoltz's petition as filed only under § 2254, we find it unnecessary to remand to the district court for reconsideration of Mr. Stoltz's § 2241 claim, as the legal reasoning the district court applied for denying that claim under § 2254 applies equally for the denial of his claim under § 2241. We review *de novo* the district court's legal conclusions in denying Mr. Stoltz's habeas petition. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000) (articulating standard of review for § 2254 petitions); *Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998) (articulating standard of review for

---

159 F.2d 410, 412 (10th Cir. 1947) (determining statute, allowing court to revoke a suspended sentence and impose a sentence which might originally have been imposed, did not trigger double jeopardy violation).

[3] *See also State v. Hejduk*, 232 P.2d 664, 667 (Okla. Crim. App. 1951) (holding that when the court issues a suspended sentence, the initial sentence continues to stands, and the "execution" of the sentence is merely deferred and can be revoked any time during the period of the sentence); *cf. Demry v. State*, 986 P.2d 1145, 1147 (Okla. Crim. App. 1999).

-4-

§ 2241 petitions).  After a careful review of the record and the applicable case law, we conclude Mr. Stoltz fails to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) for a certificate of appealability.[4]  Specifically, Mr. Stoltz fails to demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, ___, 120 S. Ct. 1595, 1604 (2000).  Because we agree with the district court and magistrate judge's well-reasoned assessment of the issues presented on appeal, we decline to duplicate the same analysis here.

Accordingly, for substantially the same reasons set forth in the district court's July 28, 2000 and May 24, 2000 Orders, and the magistrate judge's April 27, 2000 Report and Recommendation, we deny Mr. Stoltz's motion for a

---

[4]  While a certificate of appealability is not necessary for a federal prisoner to proceed under § 2241, a state prisoner, like Mr. Stoltz, must obtain a certificate of appealability to appeal the denial of a habeas petition whether such petition was filed pursuant to § 2254 or § 2241.  *See Montez*, 208 F.3d at 866-67.

certificate of appealability, deny his motion to proceed *in forma pauperis*, and

**DISMISS** his appeal.

<div style="margin-left:45%">

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

</div>