**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

GARY DOBY,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 15-6108
(W.D. Oklahoma)
(D.C. No. 5:14-CV-01243-F)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Applicant Gary Doby, a state prisoner appearing pro se, applied for relief under 28 U.S.C. § 2254 more than one year after his state-court conviction became final. The United States District Court for the Western District of Oklahoma dismissed his application as untimely. Mr. Doby now requests a certificate of appealability (COA) from this court to appeal the dismissal. *See* 28 U.S.C. § 2253(c)(1)(A). We grant his motion to proceed *in forma pauperis*, but we deny his request for a COA and dismiss the appeal.

## I.    BACKGROUND

Mr. Doby pleaded guilty to 18 counts of sexual exploitation of a child under 12, one count of conspiracy to commit sexual exploitation, and one count of lewd molestation of a minor child.  He was sentenced on January 9, 2013, and did not later move to withdraw his guilty plea.  On December 23, 2013, he filed in state court a petition for judicial review and sentence modification under Okla. Stat. tit. 22, § 982a, which was denied on February 3, 2014.  On May 12, 2014, Mr. Doby filed an application for state postconviction relief.  His application was denied by the state district court and that denial was affirmed by the Oklahoma Court of Criminal Appeals on September 23, 2014.  He filed his § 2254 application on November 4, 2014, alleging that his trial counsel "failed to inform [him] of the elements of the offense and then, without reason, notice or consultation, completely abandoned [him] during the 10-day window for initiating a direct appeal."  R., Vol. I at 7.  Counsel allegedly did not inform Mr. Doby of the elements of his sexual-exploitation and lewd-molestation offenses until "well after sentencing, when he was in custody of the Oklahoma Department of Corrections."  *Id.* at 8.

## II.    DISCUSSION

### A.    Standard of Review

A COA is a prerequisite to appeal the dismissal of an application for relief under 28 U.S.C. § 2254, and is available "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)–(2).  This requires the

prisoner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court dismissed the habeas application on procedural grounds, the prisoner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

### B. Timeliness under 28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year time limit for filing a § 2254 application. The relevant language is:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

We agree with the district court that Mr. Doby's application was not timely. Because he failed to file a motion to withdraw his guilty plea, his conviction became final on January 19, 2013—ten days after he was sentenced. *See* Okla. Stat. tit. 22, Ch. 18, App., Rule 4.2(A) ("In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence . . . ."); *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). Absent statutory or equitable tolling, the last day to file his application for federal habeas relief was January 21, 2014 (because January 19 was a Sunday and January 20 was a federal holiday), long before he filed his § 2254 application on November 4, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.").

Statutory tolling under § 2244(d)(2) is insufficient to preserve the timeliness of Mr. Doby's application. On December 23, 2013, Mr. Doby filed a petition for judicial review and sentence modification under Okla. Stat. tit. 22, § 982a. We can assume that his limitation period was tolled while this motion was pending through February 3, 2014. *See Wall v. Kholi*, 562 U.S. 545, 547 (2011). Although the time to appeal the denial of collateral relief also tolls the limitations period even if no appeal is taken, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), the relevant Oklahoma statute, § 982a, does not provide for appellate review, and Mr. Doby has not suggested that he had a right to

4

appeal.  Tolling for this motion therefore extended his limitation period by only 43 days, to a date in early March 2014.  As for Mr. Doby's state application for postconviction relief, it fails to toll the limitations period because it was filed on May 12, 2014, after his limitations period had run.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).

Nor has Mr. Doby shown that he is entitled to equitable tolling.  Equitable tolling is suitable only if the prisoner shows "both extraordinary circumstances preventing timeliness and diligent pursuit of his claim."  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).  Mr. Doby argues that he is entitled to equitable tolling because of his counsel's ineffective assistance, but fails to address the equitable-tolling standard.  The district court concluded that equitable tolling was not warranted and we agree.  Although Mr. Doby argues that he is entitled to an evidentiary hearing, he does not point to any facts that he could prove that would entitle him to tolling.  He certainly knew the facts necessary for his ineffectiveness claim shortly after his conviction.  And it is not ground for tolling that he did not know the law underlying his claim.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)).

## III.   CONCLUSION

We GRANT Mr. Doby's motion to proceed *in forma pauperis*, DENY his request for a COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge