FILED
United States Court of Appeals
Tenth Circuit

September 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TYLER WELCH RANDALL,

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Interim Director,

    Respondent - Appellee.

No. 16-5109
(D.C. No. 4:16-CV-00043-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Tyler Randall, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2241 habeas

petition. Because Randall's petition is time-barred, we deny a COA and dismiss the

appeal.

**I**

In 2009, Randall was sentenced in Oklahoma state court to a term of ten years,

with all but six months suspended, following his guilty plea to a charge of assault and

battery with a deadly weapon. Several years later, Oklahoma moved to revoke

Randall's suspended sentence, alleging that he violated the terms of his probation by

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

committing first degree rape. The trial court revoked Randall's suspended sentence on October 5, 2012. On January 22, 2014, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Randall's revocation order. He did not seek certiorari review.[1]

On September 2, 2014, Randall filed a "Motion for 24 Month Judicial Review" in state court challenging the revocation order. His motion was denied on October 21, 2014. Randall then filed a § 2241 petition in the U.S. District Court for the Northern District of Oklahoma. However, Randall moved to voluntarily dismiss the petition because he had not exhausted state remedies. The district court granted his motion. Randall filed an application for state post-conviction relief on May 1, 2015, which the trial court denied on September 17, 2015. Randall did not appeal.

On January 25, 2016, Randall filed a second § 2241 petition challenging the revocation order.[2] The district court dismissed the petition as time-barred and denied a COA. Randall filed a timely application for a COA with this court.

---

[1] Randall was convicted of second degree rape in a separate proceeding.

[2] Because Randall challenges the revocation of his suspended sentence rather than the underlying conviction, his claims are properly brought under § 2241. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence . . . ."); State v. Hejduk, 232 P.2d 664, 667 (Okla. Crim. App. 1951) ("When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred . . . ."); accord Stoltz v. Sanders, Nos. 00-6188 & 00-6288, 2000 U.S. App. LEXIS 29618, at *5 (10th Cir. 2000) (unpublished) ("To the extent Mr. Stoltz is challenging the revocation of his [suspended] sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity.").

**II**

A state prisoner may not appeal the denial of habeas relief under § 2241 without a COA. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). If a habeas petition is disposed of on procedural grounds, we will issue a COA only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A § 2241 petition is governed by the one-year limitations period set forth in § 2244(d)(1). Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). Under that provision, Randall was required to file suit within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1). The revocation order challenged by Randall became final on April 22, 2014, the last day in which he could have filed a timely petition for writ of certiorari with the United States Supreme Court. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); Sup. Ct. R. 13(1).

The limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." § 2244(d)(2). During the relevant period, Randall filed a motion for judicial review pursuant to Okla. Stat. tit. 22, § 982a, which was pending for 49 days,[3] and an application for

---

[3] We will assume that a motion filed under Okla. Stat. tit. 22, § 982a qualifies for tolling pursuant to § 2244(d)(2). This is an unresolved issue in our circuit.

3

state post-conviction relief, which was pending for 139 days. Randall is also entitled to thirty days of tolling during the appeal window from the denial of his post-conviction application. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000); Okla. Stat. tit. 22, ch. 18, app., R.5.2(C)(2). He is not entitled to additional time after the denial of his § 982a motion, because that statute does not provide for appellate review. Doby, 632 F. App'x at 488. Nor did Randall's first federal habeas petition toll the limitations period. See Duncan v. Walker, 533 U.S. 167, 181 (2001). Accordingly, Randall's limitations period was tolled for a total of 218 days, until November 30, 2015.[4] His January 25, 2016 petition was thus untimely.

Randall argues that he is entitled to equitable tolling because Cimarron Correctional Facility, where Randall is housed, experienced institutional lockdowns during much of 2015. Equitable tolling may be appropriate if a litigant establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The district court declined to equitably toll the limitations period. We review that decision for abuse of discretion. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

---

Compare Doby v. Dowling, 632 F. App'x 485, 488 (10th Cir. 2015) (unpublished) (assuming § 982a motion tolls limitations period), with Nicholson v. Higgins, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished) (stating that § 982a does not toll the limitations period, but holding petition untimely regardless).

[4] The limitations period would be tolled until November 27, 2015, the Friday after Thanksgiving. Because, as the district court noted, the court is traditionally closed on that day, the limitations period is extended until Monday, November 30, 2015. See Fed. R. Civ. P. 6(a)(3)(A).

Randall did not allege specific facts showing that his inability to access the law library during lockdown periods prevented his timely filing of a petition. The district court noted that Randall was able to file legal documents while on lockdown. Further, the limitations period was already statutorily tolled for most of the lockdown periods. Under these circumstances, we cannot say the district court abused its discretion. See Phares v. Jones, 470 F. App'x 718, 719 (10th Cir. 2012) (unpublished) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented [the petitioner] from timely filing his habeas petition.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge

5