FILED
United States Court of Appeals
Tenth Circuit

September 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TODD OLIVER AMEEN,

      Petitioner - Appellant,

v.

DEON CLAYTON, Interim Warden,

      Respondent - Appellee.

No. 20-6084
(D.C. No. 5:19-CV-00485-PRW)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Todd Ameen's request for a certificate of appealability ("COA") and for permission to proceed on appeal in forma pauperis. Ameen seeks a COA so he can appeal the dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order denying habeas corpus relief unless the petitioner first obtains a COA); *id.* § 2244(d) (setting out a one-year limitations period as to § 2254 habeas corpus petitions). Because Ameen has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this matter.

On November 17, 2016, Ameen pleaded guilty, in Oklahoma state court, to one count of first degree burglary. Ameen's conviction became final ten days later, on November 27, 2016, because Ameen did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals. *See* Okla. Stat. tit. 22, Ch.18 App. Rule 4.2; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), the § 2244 limitations period for Ameen to file a § 2254 petition began to run on November 28, 2016, and would normally have expired on November 28, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). In this case, however, the district court assumed, without deciding, that Ameen was entitled to ninety-four days of statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), while Ameen had pending in state court a motion for judicial review under Okla. Stat. tit. 22, § 982a. *See Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (noting that whether such a motion entitles a petitioner to statutory tolling is an unresolved question in this circuit); *Doby v. Dowling*, 632 F. App'x 485, 488 (10th Cir. 2015) ("We can assume that [petitioner's] limitation period was tolled while this [§ 982a] motion [for judicial review] was pending . . . ."). Thus, the limitations period for Ameen to file his § 2254 habeas petition expired on March 2, 2018.[1]

---

[1]Like the district court, this court sees no need to resolve this question. Ameen's § 2254 petition is untimely even if we assume his Oklahoma state § 982a

(continued...)

-2-

Ameen filed the instant § 2254 habeas petition on May 28, 2019, almost fifteen months after the expiration of the limitations period set out in § 2244(d). The matter was referred to a magistrate judge for initial proceedings. 28 U.S.C. § 636(b)(1). In a thorough and well-reasoned Report and Recommendation, the magistrate judge concluded as follows: (1) Ameen's attempt to invoke actual innocence was unavailing because the assertion was really a claim of legal innocence, rather than factual innocence; (2) Ameen was not entitled to equitable tolling because, inter alia, he failed to demonstrate he diligently pursued his rights, *see Lawrence v. Florida*, 549 U.S. 327, 336 (2007); and (3) the delayed accrual provision set out in § 2244(d)(1)(D) was not applicable because Ameen was well aware of the factual basis of his substantive habeas claim at the time he committed the burglary. In a lengthy order that considered a whole series of objections and supplements filed by Ameen, the district court adopted the magistrate judge's Report and Recommendation and dismissed Ameen's § 2254 habeas petition as untimely.

Ameen seeks a COA so he can appeal the district court's dismissal of his § 2254 petition. The granting of a COA is a jurisdictional prerequisite to Ameen's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537

[1](...continued)
motion entitles him to ninety-four days of statutory tolling.

U.S. 322, 336 (2003). To be entitled to a COA, Ameen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Ameen has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Ameen need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Ameen's appellate filings, the magistrate judge's Report and Recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Ameen is not entitled to a COA. The district court's resolution of Ameen's petition is not reasonably subject to debate. Indeed, in

denying Ameen's request for a COA, this court sees no need to recapitulate the cogent analyses set out in both the magistrate judge's Report and Recommendation and the district court's order. Accordingly, this court **DENIES** Ameen's request for a COA and **DISMISSES** this matter. Ameen's request to proceed on appeal in forma pauperis is **GRANTED**. All other pending motions, specifically including Ameen's requests for an evidentiary hearing and for appointment of counsel are hereby **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
