FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CARINZO JARON EVITT,

    Petitioner - Appellant,

v.

STEVEN HARPE,

    Respondent - Appellee.

No. 23-7056
(D.C. No. 6:22-CV-00358-JFH-GLJ)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Carinzo Jaron Evitt, an Oklahoma state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

28 U.S.C. § 2254 application for a writ of habeas corpus as untimely. He also seeks

leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we

grant his *ifp* request, deny a COA, and dismiss this matter.

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Evitt proceeds pro se, we construe his filings liberally but do not
serve as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## I. BACKGROUND

On November 27, 2017, Mr. Evitt pled guilty in Muskogee County, Oklahoma state court to possession of a firearm after a former felony conviction. He was sentenced to 10 years in prison.

On April 8, 2021, Mr. Evitt filed an application for postconviction relief in state court, which was denied on February 15, 2022. He appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which dismissed the application as untimely.

On August 1, 2022, Mr. Evitt filed a second application for postconviction relief in state court, which was denied on August 26, 2022. He appealed to the OCCA, which affirmed the denial on November 9, 2022.

On December 12, 2022, Mr. Evitt filed the underlying § 2254 application, alleging that he received ineffective assistance of counsel and that, under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma lacked jurisdiction to prosecute him. The State moved to dismiss the § 2254 application as time-barred or for failure to exhaust state remedies.

In a July 24, 2023 Opinion and Order, the district court dismissed the § 2254 petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year limitations period and denied a COA.

Mr. Evitt filed a timely notice of appeal.

## II.    DISCUSSION

### A.    *Legal Background*

1.    **Certificate of Appealability**

To appeal from a denial of a habeas application, a prisoner must first obtain a COA.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). When, as here, the district court denied a habeas application on procedural grounds, a COA may issue only if the applicant demonstrates (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Each component of [this] showing is part of a threshold inquiry . . . ." *Id.* at 485.  Thus, if a petitioner cannot make a showing on the procedural issue, we need not address the constitutional component. *See id*.

2.  **Statute of Limitations**

We review de novo the district court's dismissal based on timeliness. *See United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012); *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004).  "Arguments not clearly made in a party's opening brief are deemed waived." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).  This rule applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings." *Id.*

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B. *Analysis*

In its dismissal order, the district court determined that Mr. Evitt's § 2254

application was untimely under:

> Section 2244(d)(1)(A), because the one-year limitations period began to run on December 8, 2017, the day after his state conviction became final, and expired on December 10,

4

2018.  The application was filed on December 12, 2022.
ROA at 115-16.[2]

Section 2244(d)(1)(B), because the two state applications for
postconviction relief were filed after the limitations period
had expired and therefore statutory tolling did not apply.  *Id.*
at 116.

Section 2244(d)(1)(D), because the factual predicate for his
jurisdictional claim could have been discovered through due
diligence more than one year before he filed his § 2254
application.  *Id.* at 114-15.[3]

The court noted that Mr. "Evitt does not argue that he is entitled to equitable

tolling, and nothing in his submissions indicates that he diligently pursued his claims or

that extraordinary circumstances precluded the timely submission of his action."

*Id* at 116-17.  The court also rejected Mr. Evitt's actual innocence claim.  *Id*. at 117.

In his brief to this court, Mr. Evitt does not (1) challenge the district court's

determinations under § 2244(d)(1)(A) or (B); (2) argue for equitable tolling;[4] or

(3) contest the district court's rejection of his "actual innocence" argument.

---

[2] In what appears to be a typographical error, the district court stated that Mr. Evitt
filed his 2254 application on December 1, 2022.  It was filed on December 12,
2022.  ROA at 116.  Correction of this error does not affect the district court's or this
court's analysis.

[3] Mr. Evitt did not argue his application was timely under § 2244(d)(1)(C).  The
district court did not address this provision.  He could not rely on § 2244(d)(1)(C)
because "*McGirt* announced no new constitutional right. It self-professedly resolved a
question of statutory interpretation . . . to determine that the federal government . . . has
never" disestablished the Creek Reservation.  *Pacheco v. Habti*, 62 F.4th 1233, 1246
(10th Cir. 2023) (alterations and quotations omitted).

[4] Equitable tolling may be granted in "rare and exceptional circumstances,"
*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted), when
petitioners show diligent pursuit of their rights and that an extraordinary circumstance

Mr. Evitt rests his request for a COA on his contention that his counsel was ineffective for failing to challenge the state court's jurisdiction under *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020). Like *McGirt*, we held in *Murphy* that Congress had not disestablished the Muscogee (Creek) Reservation, and we decided *Murphy* before Mr. Evitt entered his plea in state court. *Id.* at 966. In his brief, he invokes § 2244(d)(1)(D), which, as previously noted, provides that he may file a § 2254 application one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The district court rejected this argument, finding that Mr. "Evitt ha[d] not demonstrated that the factual predicate of his claims could not have been discovered prior to the date his conviction became final" and that "[t]he fact that the Creek Reservation has not been disestablished . . . was discoverable through the exercise of due diligence." ROA at 114.[5]

---

prevented timely filing, *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006). But in the district court and again here, Mr. Evitt has not addressed the equitable tolling standard, and, as noted below, he has not shown that he learned the facts necessary for an ineffectiveness claim within a year of filing his § 2254 application. *See Doby v. Dowling*, 632 F. App'x 485, 488 (10th Cir. 2015) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)).

[5] Although Mr. Evitt may have been able to discover the factual predicate of his § 2254 claim before his conviction became final, § 2244(d)(1)(D) starts the one-year limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," which could be later than the date of his final conviction. Nonetheless, as we explain below, he has not made this showing.

Mr. Evitt argues here that "[h]e did not become aware of the [c]ourt[s'] decision[s] in *Murphy* or *McGirt* until he was in prison and other inmates told him about the cases decided by the Tenth Circuit Court of Appeals and the Supreme Court." Aplt. Br. at 3-3A. But because (1) he pled guilty and was sentenced on November 27, 2017; (2) *Murphy* was decided previously on November 9, 2017; and (3) *McGirt was* decided July 9, 2020, this argument fails to show that he learned about *Murphy* or *McGirt* within one year of filing his § 2254 application on December 12, 2022.

Mr. Evitt's argument also fails for the reason recently stated in *Ford v. Dowling*, No. 22-6138, 2023 WL 2641476 (10th Cir. Mar. 27, 2023), an unpublished decision we find persuasive, *see* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A), in which Mr. Ford raised a similar issue:

> [Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for Ford's claim. Notwithstanding Oklahoma's "historical prosecutorial practice of asserting jurisdiction over Indians in state court, even for serious crimes on the contested lands," *McGirt*, 140 S. Ct. at 2470, the factual basis for Ford's claim—that Congress did not disestablish the Creek Reservation—could have been discovered with due diligence by consulting "Acts of Congress," *id.* at 2462. Indeed, we recognized the factual predicate for the claim in 2017. *See Murphy*[, 875 F.3d at 966]. And with due diligence, Ford might have raised the issue sooner.

*Id.* at *3.

For the foregoing reasons, reasonable jurists would not debate the district court's dismissal of Mr. Evitt's § 2254 application as untimely.

## III.  **CONCLUSION**

We grant Mr. Evitt's request to proceed *ifp*.  We deny his request for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge